## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| LUCILLE WALTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 05-JEO-0422-S |
| ) | |
| BAPTIST HEALTH SYSTEM, INC., ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

This matter is before the court on the motion of defendant Baptist Health System, Inc. (hereinafter "BHS"), to compel the plaintiff, Lucille Walter, to submit her claim to arbitration and to dismiss the case without prejudice. (Doc. 10). The plaintiff does not oppose the motion.

### BACKGROUND

This action was filed in this court on February 25, 2005. (Doc. 1). In the complaint, the plaintiff alleges that she was discriminated against because of her race. On May 19, 2005, the defendant filed its motion to compel arbitration. (Doc. 10). The court afforded the plaintiff twenty (20) days to respond to the defendant's motion. When the plaintiff did not respond, the court initiated a telephone conference with counsel for the plaintiff and the defendant. At that conference, the plaintiff's counsel represented to the court that she did not oppose the motion to compel arbitration.

### THE FAA

The Federal Arbitration Act ("FAA") establishes a "federal policy favoring arbitration." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983). *See also Green Tree Financial Corp. of Alabama v. Randolph*,

531 U.S. 79, 121 S. Ct. 513, 522, 148 L. Ed. 2d 373 (2000) (noting the "liberal federal policy favoring arbitration agreements"). It provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon some grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA effectively admonishes the federal courts to "vigorously enforce agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221, 105 S. Ct. 1238, 84 L. Ed. 2d 158 (1985). Questions of arbitrability must be addressed with regard to the federal policy favoring arbitration, and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a defense to arbitrability." *Moses H. Cone Memorial Hospital*, 460 U.S. at 24-25.

     Although the FAA does not create independent federal question jurisdiction, *id*. at 25 n.32, it does create a body of federal substantive law which establishes and regulates the duty to honor an agreement to arbitrate. The FAA explicitly requires that the arbitration provision be written and that it evidence a "transaction involving commerce." 9 U.S.C. § 2. Section 3 of the Act provides for a stay of federal proceedings when an issue in the matter is referable to arbitration. 9 U.S.C. § 3. Section 4 provides the court with the authority to issue orders compelling arbitration when one party has failed, neglected, or refused to comply with an arbitration agreement. 9 U.S.C. § 4. Further, state law that conflicts with the FAA is preempted under the Federal Constitution's supremacy clause. U.S. Const. Art. VI, cl. 2; *Perry v. Thomas*, 482 U.S. 483, 107 S. Ct. 2520, 96 L. Ed. 2d 426 (1987).

## DISCUSSION

The claims in this matter arise out of the plaintiff's employment with Shelby Ridge Nursing Home, which was a nursing home facility of BHS until January 1, 2005, when BHS sold the facility. In November 1997, BHS adopted a Dispute Resolution Program ("DRP") for all of its facilities that included a mandatory arbitration provision. In exchange for continued employment, each current employee agreed to the terms of the DRP and to be bound by the DRP. The DRP was distributed to new employees and a human resources representative explained the terms of the DRP to all new employees during orientation. When the plaintiff was hired at Shelby Ridge, she signed an Acknowledgment of Receipt of BHS Dispute Resolution Program on May 3, 2004, in which she agreed to be bound by the terms of the DRP. (*See* Affidavit of Cindy Nicholson at document 10, exhibit 1 in the court's record of the case). In view of the federal policy favoring arbitration, and the plaintiff offering nothing that demonstrates any impediments thereto, the defendant's motion is due to be granted.

## CONCLUSION

For these reasons stated above, the defendants' motion to compel arbitration (doc. 10) is hereby **GRANTED**. This action is hereby **DISMISSED WITHOUT PREJUDICE** to the right of the parties, Lucille Walter and BHS, to seek enforcement of this order and to seek subsequent review of any arbitration determination in a separate action.

**DONE,** this the 29th day of June, 2005.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE